## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

**TIMOTHY JAMES THORNE,**

      **Movant,**

**v.**                           **Case No. 2:15-cv-16027**
                                       **Criminal Case No. 6:13-cr-00148**

**UNITED STATES OF AMERICA,**

      **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATIONS

      Pending before the Court is Movant Timothy James Thorne's *pro se* Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, (ECF No. 69). This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition ("PF&R") pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that Movant's Motion be denied and this matter be dismissed, with prejudice, and removed from the docket of the Court. Given that the undersigned conclusively **FINDS** that Movant is not entitled to the relief requested, an evidentiary hearing is not warranted. *Raines v. United States,* 423 F.2d 526, 529 (4th Cir. 1970).

## I.    <u>Factual and Procedural Background</u>

      In February 2013, Movant was the passenger in a car that was pulled over for having a burned-out tail light after the car was observed leaving a motel that was under

surveillance for suspected drug trafficking activity. (ECF No. 77-2 at 2). The driver of the car agreed to allow officers to conduct a vehicle search, whereupon a bag of marijuana and eight bundles of cash, each totaling just under $1,000 were found. Movant admitted that these items belonged to him. (*Id.*). Movant was patted down and $505 in cash and a plastic motel key card were discovered in his pocket. (*Id.* at 3). Authorities used the key card to enter Movant's motel room where they observed brown lines of powder and residue, which they suspected to be heroin, on the top of the desk. (*Id.* at 4). They obtained a search warrant and located bags of brown powder, pills, digital scales, syringes, sandwich baggies, a loaded semi-automatic pistol, and ammunition. (*Id.*).

Movant was charged with possession with intent to deliver heroin in violation of federal law. (ECF No. 77-1). Movant moved to suppress the evidence obtained from the traffic stop and search of the motel room. Acknowledging that the car had a burned-out tail light, he abandoned his argument that the traffic stop was pretextual. However, he argued that the search of the car exceeded the original purpose of the traffic stop to investigate the burned-out tail light. (ECF No. 77-2 at 5). He contended that once the purpose of the traffic stop was accomplished by verifying the driver's license and registration and determining whether to issue a warning or citation, any further investigation unconstitutionally prolonged the stop. (*Id.*). Further, he argued that because the search warrant was obtained from evidence found during the illegally prolonged stop, the evidence from the motel room should be suppressed. (*Id.*). In analyzing Movant's argument, the Court noted that within fewer than five minutes of the traffic stop, an officer observed a baggie of marijuana in the car, which justified additional investigation; furthermore, the entire stop lasted only ten minutes from start to finish. (*Id.* at 8-9). The Court found that the traffic stop was not prolonged, much less unconstitutionally so, and

denied Movant's motion to suppress. (*Id.* at 9).

Days after the Court denied the motion to suppress, Movant signed a plea agreement in which he agreed to plead guilty to the one-count Indictment and waive his right to collaterally attack his guilty plea, conviction, or sentence, except on the basis of ineffective assistance of counsel. (ECF No. 77-3 at 1, 6). The Court held a Rule 11 hearing in which Movant confirmed that he reviewed each paragraph of the plea agreement and agreed with all of the terms and provisions contained therein, including the stipulation of facts. (ECF No. 77-8 at 5-6). The Court fully explained the waiver provision of the plea agreement by which Movant agreed to waive his right to collaterally attack his conviction or sentence except on the basis of ineffective assistance of counsel and Movant stated that he fully understood. (*Id.* at 11; ECF No. 77-9 at 1-2). After accepting Movant's guilty plea, the Court determined that Movant was a career offender under the United States Sentencing Guidelines (the "Guidelines") and sentenced him to 156 months of imprisonment, which was within the advisory range of 151 to 188 months of imprisonment under the Guidelines. (ECF No. 77-4).

Movant filed a direct appeal of his sentence with the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"), arguing that he should have received a downward variance from the Guidelines because his crimes were motivated by his drug addiction. (ECF No. 77-6 at 2). The Fourth Circuit noted that the District Court considered Movant's drug addiction, but determined that his lengthy criminal history warranted a within-Guidelines sentence. (*Id.* at 3). The Fourth Circuit found that Movant's sentence was substantively reasonable and affirmed the judgment of conviction and sentence. (*Id.*). Movant appealed to the Supreme Court of the United States ("Supreme Court"), but the Supreme Court denied his petition for a writ of certiorari on February 23, 2015. (ECF No.

77-7). Movant then filed the instant § 2255 motion for habeas relief in early December

2015. (ECF No. 69, 70). Movant asserted the following grounds in his motion:

1. The district court abused its discretion in imposing a 156-month sentence that was unreasonable and greater than necessary to achieve the purpose of sentencing because it did not account for Movant's decade-long addiction to controlled substances, which drove his criminal conduct.

2. Movant's trial counsel was constitutionally ineffective by (a) not advising Movant that he had the option to appeal the denial of his motion to suppress[1] to the court of appeals and that entering into a plea agreement would forfeit his ability to appeal the ruling and (b) allowing Movant to be "slip-shucked" into agreeing to a plea deal without knowing that the government would seek an enhanced career offender sentence.

(*Id.*).

Movant moved to supplement his § 2255 motion to include a claim under *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court struck down as unconstitutionally vague a portion of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), known as the ACCA's "residual clause." (ECF No. 83). Movant asserted that because he was sentenced as a career offender based upon a residual clause in the Guidelines that was identical to the residual clause that was found to be unconstitutionally vague in the ACCA, he no longer qualified as a career offender and the Court should re-sentence him. (ECF No. 84 at 1-2). Respondent subsequently sought to withdraw the referral to the undersigned and stay this matter pending resolution of the case *Beckles v. United States*, 137 S. Ct. 886 (2017), in which the Supreme Court was asked to examine the constitutionality of the career offender residual clause in the Guidelines given the *Johnson* decision striking down the same clause in the ACCA. (ECF No. 87).

Movant later filed what he referred to as a second supplemental memorandum in

---

[1] Movant refers to a "motion to dismiss," but his allegations seem to reference the motion to suppress, as there was no motion to dismiss in his case.

support of his § 2255 motion. (ECF No. 92). Movant added new claims, including: (1) that the "government committed fraud upon [and hid the truth from] the court by using only the DEA Agents' statements" at the motion to suppress hearing, despite being "aware of the local Sheriff's statement, which described the events in question in a completely different manner," (2) that the government "committed a Brady violation by failing to turn over the exculpatory evidence" of the Sheriff's statement; and (3) that the Court erred by not suppressing the evidence. (*Id.*) Finally, Movant renewed his contention that his conviction was obtained in violation of his Fourth Amendment rights because the police used a routine traffic stop as a pretext for conducting a warrantless search of the automobile in which Movant was a passenger. (*Id.* at 3).

## II.    Discussion

### A. Movant's Challenges to His Sentence

Movant asserts that his 156-month sentence was unreasonable, because it did not accurately reflect his history and characteristics, including his "decade-long addictions to various controlled substances and the way in which those addictions drove his criminal conduct." (ECF No. 69 at 4). As noted above, Movant raised this precise argument in his direct appeal. The Fourth Circuit held that Movant's sentence was substantively reasonable and affirmed the judgment of this Court. (ECF No. 77-6 at 3). It is well-settled that Movant cannot circumvent the Fourth Circuit's ruling by recasting in a § 2255 motion a claim that the Fourth Circuit denied on appeal. *See United States v. Linder*, 552 F.3d 391, 396–97 (4th Cir. 2009); *Hegmon v. United States*, No. 3:08-CV-00888, 2011 WL 884291, at *11 (S.D.W. Va. Feb. 18, 2011), *report and recommendation adopted,* 2011 WL 883752 (S.D.W. Va. Mar. 11, 2011).

Further, Movant waived his right to collaterally attack his sentence in his written plea agreement. (ECF No. 77-3 at 6). The Fourth Circuit "has recognized that the Government often secures waivers of both appellate and collateral attack rights from criminal defendants as part of their plea agreement." *Prater v. United States*, No. 5:10CR41-01, 2013 WL 6498232, at *11 (N.D.W. Va. Dec. 11, 2013) (citing *United States v. Lemaster,* 403 F.3d 216, 220 (4th Cir. 2005) (internal quotation marks omitted). In order "[t]o determine the validity of a waiver of collateral-attack rights in a plea agreement, a court must examine the language of the waiver provision, the plea agreement as a whole, the plea colloquy, and the defendant's ability to understand the proceedings." *Id.* at *6 (citing *United States v. Blick,* 408 F.3d 162 (4th Cir. 2005)).

Here, the written plea agreement explicitly stated that Movant knowingly and voluntarily waived his right to collaterally attack his conviction or sentence except based upon ineffective assistance of counsel. (ECF No. 77-3 at 6). Movant stated under oath during the Rule 11 guilty plea hearing that he read and reviewed each paragraph of the plea agreement with his attorney, initialed each page, signed the plea agreement, and agreed with all of its terms and provisions. (ECF No. 77-8 at 4-5). Movant's initials appear on the page containing the waiver provision. (ECF No. 77-3 at 6). Moreover, the Court discussed the waiver with Movant, and Movant stated that he fully understood its consequences and did not have any questions. (ECF No. 77-9 at 1). Movant was 45 years old at the time of the plea hearing and previously obtained a GED, completed a year of college, and worked in steel plants. (ECF No. 77-8 at 3). The written plea agreement, Movant's statements during the plea hearing, and the other noted factors clearly show that Movant knowingly and intelligently waived his right to collaterally attack the reasonableness of his sentence in this § 2255 proceeding.

As noted, Movant also contends that he is no longer a career offender and he should be re-sentenced pursuant to the Supreme Court's holding in *Johnson*. However, after Movant supplemented his § 2255 motion to assert a claim under *Johnson*, the Supreme Court issued a decision in *Beckles*, finding that unlike the ACCA, the advisory Guidelines are not subject to a vagueness challenge under the due process clause and the residual clause in the career offender portion of the Guidelines is not void for vagueness. *Beckles*, 137 S. Ct. at 892. Therefore, insofar as the Supreme Court has unequivocally ruled on the issue, Movant, who was sentenced as a career offender under the advisory Guidelines, not the ACCA, cannot assert a § 2255 claim based upon *Johnson*.

### B. Ineffective Assistance of Counsel

Movant contends that his trial counsel was constitutionally ineffective for numerous reasons. (ECF Nos. 69, 70, 92). When a movant alleges ineffective assistance of counsel under § 2255, the movant claims a violation of rights guaranteed by the Sixth Amendment. *Strickland v. Washington,* 466 U.S. 668, 680 (1984). Under *Strickland,* a criminal defendant can prove ineffective assistance of counsel by meeting the requirements of a two-pronged test. *Id.* at 687. The defendant carries the burden of satisfying both prongs of the test, and "a failure of proof on either prong ends the matter." *United States v. Roane,* 378 F.3d 382, 404 (4th Cir. 1994).

First, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Strickland,* 466 U.S. at 687-88. When evaluating counsel's performance under the first prong of *Strickland,* "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland,* 466 U.S. at 689. Thus, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance ... [and] that, under the circumstances, the challenged

7

action might be considered sound trial strategy." *Id.* (internal quotation marks omitted). The inquiry under Strickland is "whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Harrington v. Richter,* 562 U.S. 86, 88 (2011).

Second, the defendant must show that he was actually prejudiced by the ineffective assistance of counsel. *Strickland,* 466 U.S. at 687. To establish actual prejudice from counsel's deficient performance, "[p]etitioner must show that 'counsel made errors so serious that counsel was not functioning as the counsel guaranteed ... by the Sixth Amendment.'" *DeCastro v. Branker,* 642 F.3d 442, 450 (4th Cir. 2011) (citing *Harrington,* 131 S.Ct. at 787)); *see, also, Strickland,* 466 U.S. at 687 (holding that the second prong "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"). It is insufficient for the defendant "to show that the errors had some conceivable effect on the outcome of the proceeding," because "[v]irtually every act or omission of counsel would meet that test." *Strickland,* 466 U.S. at 693. Rather, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

In the context of a guilty plea, the movant carries a heavy burden under § 2255. By entering a guilty plea, the criminal defendant "has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged." *Tollett v. Henderson,* 411 U.S. 258, 267 (1973). Therefore, a guilty plea "represents a break in the chain of events which has preceded it in the criminal process." *Id.* Statements made during a hearing to accept a guilty plea are afforded a strong presumption of veracity and subsequent attacks that

8

contradict these statements may generally be dismissed as frivolous. *U.S. v. Lemaster,* 403 F.3d 216, 221-222 (4th Cir. 2005). As the Fourth Circuit explained:

> [A] defendant's solemn declarations in open court ... carry a strong presumption of verity ... because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. ... Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements.

*Id.* Consequently, a criminal defendant is precluded from raising alleged constitutional deprivations that occurred prior to pleading guilty and "may only attack the voluntary and intelligent character of the guilty plea" by demonstrating that his counsel's performance was inadequate under the Sixth Amendment. *Tollett v. Henderson,* 411 U.S. at 267; *see, also, Fields v. Attorney General of State of Md.,* 956 F.2d 1290, 1296 (4th Cir. 1992) ("A guilty plea does not bar collateral review of allegations of ineffective assistance of counsel in so far as the alleged ineffectiveness bears on the voluntariness of the guilty plea."). In other words, the movant under § 2255 must not only rebut the presumption that counsel performed within the wide range of reasonable professional competence, but must also demonstrate that "there is a reasonable probability that, but for counsel's errors, [movant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59 (1985).

Here, Movant claims that his counsel did not advise him that the government failed to disclose favorable evidence. However, as recognized by Respondent, Movant does not provide any explanation or support for this claim. (ECF No. 77 at 4). Movant does not identify what "favorable evidence" the government purportedly withheld, much less show that his counsel's actions were objectively unreasonable or "but for" his counsel's actions,

he would have proceeded to trial. Movant filed a supplemental brief, which provides potential insight into Movant's claim, but this information was filed after the Respondent's response and was thus unavailable to Respondent at the time. Movant states that, regarding the suppression issue, the government failed to disclose to him "exculpatory evidence" that the "local Sheriff" made a statement that "described the events in question in a completely different manner." (ECF No. 92 at 2). Nevertheless, despite this additional information, Movant still fails to adduce any facts that his counsel was constitutionally deficient or that his counsel's actions affected the outcome of his case.

Next, Movant argues that his attorney did not advise him that he could appeal the denial of his motion to suppress or that he waived his right to appeal such decision if he entered into the plea agreement. However, even if Movant's attorney was constitutionally deficient in failing to advise him of his right to appeal and the waiver provision of the plea agreement, Movant cannot satisfy the prejudice prong of the *Strickland* standard. Movant must show that "but for" his attorney failing to advise him of such factors, there is a reasonable probability that he would not have pleaded guilty. As previously discussed, the written plea agreement and Movant's sworn statements during the plea colloquy clearly demonstrate that Movant was advised that he had the right to appeal his conviction and that he was knowingly and voluntarily forfeiting such right with his guilty plea. It follows that if Movant was aware that he was waiving his right to appeal his conviction *for any reason other than ineffective assistance of counsel*, he was likewise waiving the right to appeal his conviction on the ground that the Court wrongfully denied the motion to suppress. *See, e.g., Locklear v. United States*, 2015 WL 9200439, at *3–4 (E.D.N.C. Dec. 16, 2015), *appeal dismissed,* 656 F. App'x 28 (4th Cir. 2016) (finding that a § 2255

petitioner who claimed that his attorney provided ineffective assistance of counsel by failing to advise him that his guilty plea would preclude an appeal of the denial of his motion to suppress could not show prejudice under S*trickland* because the court advised him of the general appellate waiver during the Rule 11 plea colloquy and the waiver was stated in the signed plea agreement); *United States v. Hurdle*, 2010 WL 5101433, at *2 (W.D. Va. Nov. 23, 2010), *report and recommendation adopted,* No. 7:08-CR-00018-2, 2010 WL 5101080 (W.D. Va. Dec. 8, 2010) (stating that a § 2255 petitioner understood that by waiving his right to appeal any and all issues, he was waiving his right to appeal the court's denial of his motion to suppress).

Movant further argues that his trial counsel was ineffective because he allowed Movant to be "slip-shucked" into agreeing to a plea deal without knowing that the government would seek an enhanced career offender sentence. In support of his argument, Movant relies on the dissenting opinion in a West Virginia state case, *State v. Keith D.*, 235 W. Va. 421, 774 S.E.2d 502 (2015), which has no precedential value in this federal matter. Nevertheless, the holding in that case does not support Movant's claim because the Supreme Court of Appeals of West Virginia upheld the guilty plea despite the fact that the government "slip-shucked" the defendant. (ECF No. 70 at 3). To the extent Movant suggests that he would not have pleaded guilty if he knew that he could be sentenced as a career offender, there is an absence of prejudice. Movant was ultimately sentenced to 156 months of imprisonment and 3 years of supervised release. (ECF No. 77-4 at 10). He was explicitly notified in his written plea agreement, and also by the Court, that he faced up to 240 months of imprisonment, a substantial fine, and 3 years of supervised release. (ECF Nos. 77-3 at 1, 77-9 at 6). Therefore, Movant was well aware—before he entered a guilty plea—of the possibility that his sentence would include a long

11

period of imprisonment. *Beck v. Angelone*, 261 F.3d 377, 394 (4th Cir. 2001) ("The Constitution requires the circumstances to reflect that the defendant was informed of all of the direct consequences of his plea.") (citing *Brady v. United States*, 397 U.S. 742, 755 (1970)). Further, even if Movant was led to believe in plea negotiations that he would not be sentenced as a career offender, Movant was advised, again in both the written plea agreement that he signed and during the Rule 11 colloquy, that the Court was not bound by any agreement between the parties regarding the Guidelines calculation in the plea agreement. (*Id.* at 5; ECF No. 77-8 at 10-11). Rather, the Court would make its own finding as to Movant's Guidelines range and would consider Movant's criminal history in making that finding. (ECF No. 77-8 at 9-10).

In this case, Movant indicates that his counsel should have objected to the government seeking a career offender sentence; he contends that if his counsel had objected, "the outcome could have been considerably effected." (ECF No. 70 at 4). However, the Court sentenced Movant as a career offender based upon its findings and its adoption of the presentence report, exactly as the Court advised Movant that it would do prior to Movant entering a guilty plea. (ECF Nos. 77-4 at 5-6, 77-8 at 10-11). There was simply no basis under federal law for Movant's counsel to lodge an objection that Movant was "slip-shucked" into the plea agreement when Movant was repeatedly warned that he was not guaranteed any certain sentence by pleading guilty. Therefore, Movant's claim that "the outcome could have been considerably effected," if his counsel made such objection is plainly without merit.

In his supplemental memorandum, Movant argues that his counsel was also ineffective because he did not cross-examine witnesses at the suppression hearing or appeal the Court's denial of the motion to suppress. (ECF No. 92 at 2). Movant offers no

facts or argument upon which to conclude that cross-examination was warranted or would have reasonably affected the outcome of his case. Further, there is no explanation as to how Movant's counsel's actions during the suppression hearing affected the voluntary and intelligent character of the guilty plea that Movant subsequently entered. "The quality of counsel's performance is irrelevant if it had no direct and significant impact on [Movant's] decision to plead guilty. *Huddleston v. United States*, No. 3:10-CR-00042, 2012 WL 5949369, at *14 (S.D.W. Va. Aug. 29, 2012), *report and recommendation adopted,* No. CIV.A. 3:11-00403, 2012 WL 5954247 (S.D.W. Va. Nov. 28, 2012). Further, as to counsel's failure to appeal the Court's ruling on the motion to suppress, Movant knowingly and intelligently waived his right to appeal such ruling pursuant to his plea agreement, as discussed above.

In his next claim, Movant states that his counsel provided ineffective assistance because he did not object to the presentence report or investigate Movant's "prior conviction." (ECF No. 70 at 4). During sentencing, Movant's counsel argued that while Movant's prior conviction for burglary qualified as a predicate conviction for the purpose of the career offender provision under the Guidelines, Movant asked the Court to consider a variance from the Guidelines because Movant was actually only the "wheel man" in the burglary and did not enter the dwelling. (ECF No. 77-4 at 5). Movant appears to argue that if his counsel had investigated the facts of his prior burglary conviction and provided proof to the Court that he did not enter the dwelling, rather than simply making this oral representation at sentencing, the Court would have considered a variance from the career offender provision. However, this claim is belied by the record. As the Court explained, there was no dispute that Movant pleaded guilty to trespassing into an occupied structure by force, stealth, or deception. (*Id.* at 4). Therefore, there was no error in the presentence

report to which Movant's counsel could have objected, nor was there any additional investigation that Movant's counsel should have performed regarding Movant's prior conviction. Simply put, Movant pleaded guilty to entering a dwelling and he could not later, during sentencing in an entirely different proceeding, argue for leniency under the career offender provision because he did not actually enter the dwelling. The career offender provision was not an avenue by which Movant could re-litigate his prior convictions.

Finally, Movant asserts vague arguments that his "counsel's unusual tactic of using drug addiction as a base for selling drugs was unfair judgment" and his counsel should have challenged the multiple plea agreements "administered after the first plea agreement was already accepted." (ECF No. 70 at 3-4). Both arguments fail to state a claim under *Strickland*. Movant criticizes his counsel's attempt to mitigate his crimes by stating that they were fueled by his drug addiction, yet Movant makes that very argument in this § 2255 motion, arguing that he should have received a lesser sentence because his "decade-long addictions to various controlled substances ... drove his criminal conduct." (ECF No. 69 at 4). As to the plea agreement, the record contains a plea agreement signed and dated by Movant on August 22, 2013. (ECF No. 77-3). As previously noted, the Court discussed the terms of the plea agreement with Movant, and Movant knowingly and intelligently pleaded guilty. (ECF No. 77-8). There is no evidence that Movant entered into any subsequent agreements.

### C. Remaining Claims

Movant asserts various other claims based upon facts and circumstances antecedent to his guilty plea and which do not allege ineffective assistance of counsel, including his allegations that the government failed to furnish to the defense or

acknowledge during the suppression hearing "exculpatory evidence" consisting of a Sheriff's statement which Movant contends differed from the testimony offered by the DEA agents. (ECF No. 92 at 2). Movant also argues that the Court erred in not suppressing the evidence and renews an argument that the traffic stop violated his Fourth Amendment rights because it was a pretext for conducting a warrantless search of the car to further a narcotics investigation. (*Id.* at 3). Movant waived his right to collaterally challenge his conviction on any of these bases. First, "[a] voluntary guilty plea waives the right to challenge antecedent, nonjurisdictional errors not logically inconsistent with the establishment of guilt." *United States v. Richardson*, 422 F. App'x 196, 198 (4th Cir. 2011). Also, as previously discussed, Movant knowingly and intelligently waived his right to challenge his conviction in any collateral attack except on the basis of ineffective assistance of counsel. (ECF No. 77-3 at 6). These arguments squarely fall within the waiver provision in Movant's plea agreement.

Therefore, for all of the reasons stated above, the undersigned **FINDS** that Movant asserts no potentially meritorious ground for relief under § 2255. As such, his Motion should be denied and his case should be dismissed with prejudice.

### III.   <u>Proposal and Recommendations</u>

The undersigned respectfully **PROPOSES** that the presiding district judge confirm and accept the foregoing findings and **RECOMMENDS** that the Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, (ECF No. 69), be **DENIED,** and that this action be **DISMISSED,** with prejudice, and removed from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston,

15

United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Chief Judge Johnston, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Movant and counsel of record.

**FILED:** January 2, 2018

Cheryl A. Eifert
United States Magistrate Judge

16